**UNITED STATES of America,**
**Appellant,**

v.

**Mario PANDURO, Defendant–Appellee.**

**Docket No. 01–1366.**

United States Court of Appeals,
Second Circuit.

March 19, 2002.

Dani R. James, Assistant United States Attorney; Mary Jo White, United States Attorney for the Southern District of New York, Baruch Weiss, Assistant United States Attorney, on the brief, New York, NY, for Appellant.

Jonathan Marks, New York, NY, for Defendant Appellee.

Present F.I. PARKER, POOLER, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Appeal from judgment of the United States District Court for the Southern District of New York (Shira A. Scheindlin, Judge) sentencing defendant after his plea of guilty to one count of participating in a cocaine distribution conspiracy, in violation of 21 U.S.C. § 846.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

The government appeals the June 8, 2001, judgment of the United States District Court for the Southern District of New York (Shira A. Scheindlin, *Judge*) sentencing defendant Mario Panduro principally to 63 months imprisonment following his guilty plea to conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. According to the government, Panduro and

four co-defendants conspired to purchase a large quantity of cocaine from an undercover agent of the Drug Enforcement Administration. Beginning in January 2000, Panduro and his coconspirators negotiated with the undercover over the telephone and in person to purchase 70 kilograms of cocaine at a price of $16,000 per kilogram. The parties agreed to structure the transaction in two installments of 35 kilograms, and the undercover agreed to sell the first installment of 35 kilograms for $300,000 up front. This agreement represented a consignment credit of nearly 50 percent. On February 3, 2000, police arrested defendant and coconspirator Alberto Bare in Seattle, where they had traveled to serve as human collateral for the purchase of drugs.

On August 22, 2000, Panduro pleaded guilty without a plea agreement. Prior to sentencing, the parties litigated the drug amount on which to base Panduro's offense level calculation. Defendant argued that the deal only involved the 35 kilograms that was the subject of the first installment. Defendant also argued that the court should base its sentence on a lesser drug quantity because the government in this "reverse sting" operation inflated the quantity of drugs involved by setting a below-market price per kilogram and providing overly generous credit terms. The parties briefed and argued these and other sentencing issues that are not relevant to this appeal. By a written opinion dated May 31, 2001, the district court granted defendant's motion in part. *United States v. Panduro*, 152 F.Supp.2d 398 (S.D.N.Y. 2001). Judge Scheindlin determined to sentence Panduro based on 35 kilograms of cocaine. *Id.* at 404. She also decided that Panduro was entitled to a three-level downward departure pursuant to U.S.S.G. § 2D1.1, comment. (n. 15) ("Note 15"), because under the circumstances of the case "an extension of credit for 50 percent of

the purchase price [was] both unreasonable and below market." *Id.* at 407. The district court sentenced Panduro on June 1, 2001, to 63 months imprisonment, three years supervised release, and $100 special assessment. The government appeals the district court's three-level downward departure.

Based on the record before us, we reject defendant's preliminary contention that the government waived its challenges to the district court's decision to grant the downward departure, as opposed to the extent of the departure. We therefore review for clear error the district court's factual findings in support of its departure decision. *United States v. Milikowsky*, 65 F.3d 4, 8 (2d Cir.1995). The government concedes that plain error review applies to its contention that the extent of the departure was unreasonable, because the government did not raise this argument below. Looking to the merits, the government first argues that the district court clearly erred in determining that the undercover agent offered unduly generous credit terms because the only evidence in the record concerning credit was the agent's bare bones testimony that drug sales on consignment were typical. We disagree. Note 15 first requires the district court to find "that the government agent set a price for the controlled substance that was substantially below [its] market value." U.S.S.G. § 2D1.1, comment. (n. 15). The parties do not dispute that a below-market price can involve the government's artificially generous extension of credit. *See United States v. Lora*, 129 F.Supp.2d 77, 92 (D.Mass.2001). In its opinion, the district court held that the deal offered to Panduro did not represent reality in the marketplace because even though wholesalers extend credit to their buyers, the extension of 50 percent credit in these circumstances was "unreasonable

and below market" because (1) the parties had no pre-existing business relationship; (2) the wholesaler had no understanding of the buyers' drug distribution network; and (3) "the changing cast of characters [among the buyers] would have made any real world wholesaler wary." *Panduro*, 152 F.Supp.2d at 407. Contrary to the government's contention, these facts are a sufficient basis from which the district court could infer that the extension of credit in this particular case was unreasonable.

Note 15 also requires a finding that the government's action led to the defendant's purchase of significantly more drugs than his available resources otherwise would have allowed. U.S.S.G. § 2D1.1, comment. (n. 15). The government argues that the district court erred in holding that the unreasonable credit terms themselves were a sufficient inducement causing Panduro to purchase more cocaine. Again, we find no clear error. The district court concluded that it was obvious under the circumstances of this case, which included Panduro's lack of any history or experience in drug dealing and his credible testimony that the credit terms were crucial for the deal to proceed, that the inducement requirement was satisfied. *Panduro*, 152 F.Supp.2d at 401–02, 407.

Finally, the government contends that the extent of the district court's departure was unreasonable. Specifically, the government argues that if the district court had held Panduro accountable for 35 kilograms of cocaine, his base offense level would have been 34. U.S.S.G. § 2D1.1(3). However, if the district court had concluded that Panduro only intended to purchase 19 kilograms—the amount of drugs that the available $300,000 would buy at a price of $16,000 per kilogram—then the base offense level still would have been 34. *See Panduro*, 152 F.Supp.2d at 407. This is because the drug quantity table sets an offense level of 34 for 15 to 50 kilograms of cocaine. We normally afford sentencing judges latitude in making departures and look to whether the resulting sentence is fair and reasonable. *United States v. Campbell*, 967 F.2d 20, 26 (2d Cir.1992). Under the additional constraint of plain error analysis, we affirm the district court's decision to depart by three levels. It is evident that the district court considered all of the facts before it with care before making its departure decision, including Panduro's lack of prior drug involvement of any sort and the government's conduct within the parameters of Note 15, which of course provided the grounds for a downward departure. Moreover, the district court was mindful of the additional factor of "avoid[ing] unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), because its three-level departure yielded a sentencing guidelines range (63 to 78 months) that placed Panduro at a level of parity with co-defendant Bare, whom the district court considered to be similarly culpable. *Panduro*, 152 F.Supp.2d at 405–06.

We have considered all of appellant's remaining arguments and find them to be without merit.